UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Dennis R. Simpson, II, pro se,
     Plaintiff

     v.                                    Civil No. 07-cv-265-SM
                                           Opinion No. 2008 DNH 083
William Wrenn, Commissioner,
New Hampshire Department
of Corrections, et al.,
     Defendants

**O R D E R**

Plaintiff, Dennis R. Simpson, II, is an inmate in the Northern New Hampshire Correctional Facility ("NCF"). On August 22, 2007, he filed a civil complaint seeking injunctive relief from restrictions placed on religious liturgies he sought to participate in, and an order "allowing plaintiff to resolve the matter with the [prison] administration, or to exhaust administrative remedies in preparation for [suit]." Complaint at para. 7 (document no. 1). Although the complaint is somewhat cryptic, the Magistrate Judge construed it as stating claims against the named defendants for violating Simpson's First Amendment right to freely exercise his religion, see generally 42 U.S.C. § 1983, and his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc. Plaintiff

also filed a number of motions for injunctive relief, one of which remains pending.

Defendants move to dismiss the complaint on grounds that plaintiff, a prisoner confined in a state prison, did not exhaust the administrative remedies available to him before filing his complaint, as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Plaintiff objects.

**Discussion**

Although defendants have filed a motion to dismiss, both parties have submitted, and ask the court to rely upon, materials outside the pleadings.  Accordingly, defendants' motion will be treated as one for summary judgment.  See Fed. R. Civ. P. 12(d); Scott v. Gardner, 287 F. Supp. 2d 477, 485 (S.D.N.Y. 2003) ("If nonexhaustion is not clear from the face of the complaint [subject to the PLRA], a defendant's motion should be converted, pursuant to Rule 12(b), to one for summary judgment limited to the narrow issue of exhaustion."); Collins v. Goord, 438 F. Supp. 2d 399, 412 (S.D.N.Y. 2006) ("district courts have converted motions to dismiss to summary judgment without notice to determine exhaustion in PLRA cases where, as here, both parties

submitted materials outside the pleadings and it is apparent that the plaintiff will not be taken by surprise by such conversion").

Here, the dispositive facts are not in serious dispute. Plaintiff himself has filed copies of the administrative grievances he filed relative to the subject matter of his civil complaint. The first grievance was filed on September 4, 2007, after his civil complaint had been filed on August 22, 2007. See Exhibit 1 to plaintiff's objection (document no. 22-2).

The PLRA's exhaustion requirement is strict and provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 127 S. Ct. 910, 921 (2007). A defendant who demonstrates lack of exhaustion is entitled to dismissal of the unexhausted claims in the plaintiff's complaint. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002). And, there is no "futility exception" to the PLRA's exhaustion requirement. Id. at 35. "In

3

other words, even if the prison's administrative process does not provide for the type of relief the inmate desires, the prisoner must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief." <u>Knowles v. Commission</u>, ___ F.Supp. 2d ___, 2008 WL 648737 (D.N.H. March 11, 2008) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).

Simpson does not claim that he exhausted available administrative remedies before filing his complaint.[1]  Instead, he argues that the complaint was not his "final" or "complete" complaint.  Actually, it was, but it is of no moment — the administrative remedies available to plaintiff have not been exhausted and were not exhausted before he filed suit, as the complaint itself acknowledges, and as the exhibits he filed demonstrate.

Nevertheless, plaintiff says that it would be fruitless to dismiss his complaint for failure to exhaust, because he will simply refile.  That may be so.  But, of course, he cannot refile

---

[1] Those administrative remedies, and the various levels of appellate review, are described in New Hampshire Department of Corrections Policy and Procedure Directive, PPD 1.16. <u>See</u> <u>LaFauci v. New Hampshire Department of Corrections</u>, 2001 WL 1570932 (D.N.H. Oct. 31, 2001).

4

unless he has first exhausted the available administrative remedies, or can demonstrate entitlement to some recognized exception to that requirement.  Exhaustion of all available administrative remedies is a condition precedent to filing any claim governed by the PLRA.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).  And, the administrative process might well result in accommodations that render plaintiff's complaints moot.  The exhibits suggest that prison officials recognize the legitimacy of the issues plaintiff has raised and are endeavoring to resolve those issues in a manner that satisfies the interests of both the state and plaintiff.

## Conclusion

Because plaintiff did not fully exhaust the administrative remedies available to him before filing his complaint, defendants' motion to dismiss (document no. 15) is granted.  The Clerk of Court shall enter judgment dismissing the complaint for failure to exhaust available administrative remedies and close the case.  Plaintiff's pending motion for injunctive relief (document no. 16) is denied as moot.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 18, 2008

cc: Dennis R. Simpson, pro se
    Deborah B. Weissbard, Esq.
    NH Department of Corrections
    NH Attorney General